MANITOWOC ASSET IMPROVEMENT, LLC,
5601 West North Avenue
Milwaukee, Wisconsin 53208,

      Plaintiff,

v.                                            Case No.: _____

CITY OF MANITOWOC,
900 Quay Street
Manitowoc, WI 54220,

LEE H. KUMMER, in his official
capacity as City of Manitowoc Alderperson,
900 Quay Street
Manitowoc, Wisconsin 54220,

and

KATHLEEN M. MCDANIEL, in her official
capacity as City of Manitowoc City Attorney,
900 Quay Street
Manitowoc, Wisconsin 54220,

      Defendants.

## COMPLAINT

NOW COMES the above named Plaintiff, MANITOWOC ASSET IMPROVEMENT, LLC ("MAI"), by its attorneys, von Briesen & Roper, s.c., as and for claims against the above named Defendants, the CITY OF MANITOWOC, LEE H. KUMMER and KATHLEEN MCDANIEL, alleges and shows the Court as follows:

## NATURE OF ACTION

1. This is a civil action for declaratory relief, injunctive relief and damages pursuant to 42 U.S.C. §§ 1983 and 1988, the Fair Housing Act, 42. U.S.C. § 3601, *et seq.*, the Fifth and Fourteenth Amendments to the U.S. Constitution and for declaratory and injunctive relief pursuant to Wis. Stat. §§ 806.04 and 813.01, *et seq*.

2. Defendants, the City of Manitowoc, Lee H. Kummer and Kathleen McDaniel, willfully, intentionally, with malice and forethought: have deprived, and/or threatened to deprive, Plaintiff of its property interests without due process of law; are proceeding to take property interests without just compensation; and, are denying Plaintiff equal protection of the laws, all by conspiring in a calculated campaign to target the below defined Property and raze the Riverview Apartments in an attempt to remove predominately low income tenants from an otherwise owner-occupied middle-class neighborhood of the City.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because the allegations contained in this Complaint are federal questions and involve alleged violations of the provisions of 42 U.S.C. §§ 1983 and 1988, and the Fifth and Fourteenth Amendments of the United States Constitution.

4. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because this action seeks to redress the deprivation of rights, caused by a person(s) acting under color of law.

5. This Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367, because "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

6. This Court has jurisdiction to grant declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Court has jurisdiction to grant injunctive relief, pursuant to 28 U.S.C. §§ 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

8. The Eastern District of Wisconsin is the appropriate venue for this action, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), because Plaintiff and all Defendants reside in the Eastern District of Wisconsin and it is the District in which the events giving rise to the claims occurred.

## PARTIES

9. Plaintiff, Manitowoc Asset Improvement, LLC ("MAI"), is a Wisconsin limited liability company with is principal office located at 5601 West North Avenue, Milwaukee, Wisconsin 53208.

10. The City of Manitowoc (the "City"), is a municipal corporation and body politic duly organized in the State of Wisconsin with its principal offices located at 900 Quay Street, Manitowoc, WI 54220.

11. Defendant, Lee H. Kummer ("Kummer"), is a resident of the State of Wisconsin residing at 3300 Lindbergh Drive in the City of Manitowoc and is, and was at all times relevant to this matter, the City of Manitowoc Alderperson for the 5th Aldermanic District of the City.

12. Defendant, Kathleen M. McDaniel ("McDaniel"), is a resident of the State of Wisconsin residing at 2525 Kellner Street in the City of Manitowoc and is, and was at all times relevant to this matter, the City of Manitowoc City Attorney.

## BACKGROUND

13. Within the City's municipal boundaries is property located at 314 and 316 Riverview Drive, identified in the City's tax records as Tax Parcel No. 052-819-303-020-00, and also located in the City's 5th Aldermanic District (hereinafter, the "Property").

14. Jenruss, LLC ("Jenruss") currently owns the Property, which is improved with two separate two-story apartment buildings containing a total of 32 low income residential rental units, known as the "Riverview Apartments."

15. The improvements component of the Property have been assessed by the City in the amount of $923,200 in each of the last three tax years.

16. The tenants of the Riverview Apartments are predominately living in poverty and many of the tenants, both historically and currently, are either on social security or other disability aids because of a handicap.

17. The current monthly rental rates at the Riverview Apartments range from $435 to $525, per unit.

18. In April 2016, Kummer was elected to the City's Common Council representing the 5th District, with his term beginning April 19, 2016.

19. Kummer currently owns and resides at a residence located approximately 2,000 feet from the Riverview Apartments.

## ALLEGATIONS COMMON TO ALL CLAIMS

20. In May of 2016, under the direction of Kummer and McDaniel, the City began targeting the Riverview Apartments, with the intent of finding any and all possible violations of its municipal code, and issuing an excessive amount of citations and fees based thereon.

4

21. Attached as <u>Exhibit A</u> is a Manitowoc Municipal Court Citation History for the Riverview Apartments, showing the systematic targeting of the low income housing complex.

22. On April 30, 2017 MAI leased the Property from Jenruss under a Master-Lease Agreement (the "Lease"), a copy of which is attached hereto and incorporated herein by reference as <u>Exhibit B</u>.

23. The Lease requires MAI to assume the responsibilities of rehabilitation, improvement, management, operation, maintenance, leasing and all other duties with reference to the Property, with the goal of achieving an improved physical environment, improved occupancy rate and bringing the Riverview Apartments into compliance with all applicable codes and regulations.

24. The Lease provides that Jenruss shall deposit the initial amount of $100,000 into an account to be managed by MAI to fund the performance of MAI's rehabilitation and improvement obligations under the Lease (the "Deposit").

25. Jenruss made the required Deposit shortly after the April 30th 2017 execution of the Lease.

26. MAI hired Ogden & Company ("Ogden"), an experienced multi-family residential management company, to manage the Riverview Apartments.

27. On May 4, 2017 the City issued to Jenruss an "Order to Raze or Repair" (the "Raze or Repair Order"), pursuant to Wis. Stat. §66.0413, which it recorded on May 5, 2017 and served on Jenruss on May 8, 2017. City also served the Raze or Repair Order on MAI on May 11, 2017. A true and correct copy of the Raze or Repair Order is attached hereto and incorporated herein as <u>Exhibit C</u>.

28. The Raze and Repair Order asserted that the Riverview Apartments were "dilapidated and out of repair and [were] consequently, dangerous, unsafe, unsanitary or otherwise unfit for human habitation."

29. The Raze or Repair Order required the Riverview Apartments to be "significantly repaired" or, if not, razed within 100 days.

30. Immediately following receipt of the Raze or Repair Order, MAI informed the City of its intent to repair and rehabilitate the Riverview Apartments, but indicated that the planned repairs would require more than 100 days.

31. The City refused to provide an appropriate extension to allow sufficient repairs to be made.

32. Under the imminent threat of the City razing the Riverview Apartments and displacing its tenants, MAI filed a Verified Complaint against the City on May 23, 2017, pursuant to Wis. Stat. § 66.0413(1)(h), which is attached hereto and incorporated herein as Exhibit D (the "Circuit Court Case"), requesting an injunction from the Manitowoc County Circuit Court, prohibiting the City from razing the Riverview Apartments upon the expiration of the 100-day period in the Raze Order and requesting adequate time to complete the necessary repairs.

33. In June 2017, a fire damaged the building at 314 Riverview Drive and the entire building has since been unoccupied, pending receipt of insurance funds needed for necessary repairs.

34. On August 3, 2017, immediately prior to the hearing in Manitowoc Circuit Court on MAI's requested injunction, MAI, Jenruss and the City entered into an agreement to allow the repair and rehabilitation of the Riverview Apartments (the "Agreement").

6

35. The Agreement called for: Jenruss to pay $65,000 of the $128,134 of citations issued by the City as depicted in Exhibit A; MAI to restore and rehabilitate the Riverview Apartments to a condition that meets reasonable standards for occupancy on or before December 31, 2017, with an extension until March 30, 2018 for good cause shown; and, for the City to hold the Raze or Repair Order in abeyance until these conditions were met.

36. Upon being informed of the Agreement, Kummer acted to prevent, undermine and/or materially alter the Agreement to ensure that the City would raze the Riverview Apartments.

37. MAI, the City and Jenruss formalized the Agreement, along with other items added by the City, in a Stipulated Disposition of the Circuit Court Case, a copy of which is attached hereto and incorporated herein as <u>Exhibit E</u> (the "Stipulated Dismissal").

38. In the approximate three month period following the Stipulated Disposition through December 2017, MAI has worked diligently to repair and rehabilitate the Riverview Apartments, spending approximately $70,000 on the rehabilitation and improvement of the building at 316 Riverview Drive and renovating 13 of the 16 units.

39. The building at 316 Riverview Drive is currently safe, sanitary, fit for human habitation and the City continues to allow occupancy.

40. During the same period of rehabilitation and improvement of the building at 316 Riverview Drive, numerous inspections were done by City inspectors. All identified hazards were corrected and required actions were taken by MAI and/or Ogden, with no outstanding requirements as of December, 2017.

41. During the period of rehabilitation and improvement of the building at 316 Riverview Drive, despite consistent efforts, Jenruss was unable to obtain insurance proceeds

needed to repair the building at 314 Riverview Drive, during which period the building was, and remains, both unoccupied and secure.

42. Also during December 2017, because of the improvement of the Property and positive feedback from City inspectors, MAI entered into discussions with Jenruss to purchase the Riverview Apartments and continue the improvement of both buildings.

43. By letter dated December 20, 2017, attached hereto and incorporated herein as Exhibit F (the "December 20, 2017 Letter"), MAI, through its attorneys, wrote to McDaniel regarding the improvement and rehabilitation of the Riverview Apartments.

44. In the December 20, 2017 Letter MAI explained that the building at 316 Riverview Drive has been restored to a "code compliant, safe and sanitary condition" (defined by the Stipulated Disposition as meeting the reasonable requirements for occupancy), but that, because of delays caused by the insurance company and outside the control of MAI, additional time was needed to repair the building at 314 Riverview Drive after the June 2017 fire.

45. The December 20, 2017 Letter further requested an extension for work on the building at 314 Riverview Drive until the Extended Repair Deadline under the Stipulated Disposition, as required for delays outside the control of MAI.

46. On Friday, December 28, 2017 Kummer and McDaniel brought City inspectors to the Riverview Apartments for an inspection under their supervision.

47. On the same day as the inspection (supervised by Kummer and McDaniel) was conducted, McDaniel sent an email to MAI, which is attached hereto and incorporated herein as Exhibit G, in which she alleged several issues with the Riverview Apartments, none of which were previously identified by the City for action following numerous other inspections by the City, and asserted that the City will have the Riverview Apartments razed.

48. On January 3, 2018, MAI entered into a contract for the purchase of the Riverview Apartments, contingent upon the City allowing the continued repair and rehabilitation of the Property, a copy of which attached hereto and incorporated herein as <u>Exhibit H.</u>

49. On January 4, 2018, MAI, through its counsel, verbally informed McDaniel of the pending sale and offered to discuss continuing work to repair and rehabilitate the Riverview Apartments, but McDaniel stated the City was not interested in discussing anything other than razing the Apartments.

50. Defendants have acted under the color of law and conspired in a calculated campaign to target the Riverview Apartments and ultimately have the buildings razed, not because the buildings are dangerous, unsafe, unsanitary or otherwise unfit for human habitation, but in an attempt to remove the predominately low income tenants from the otherwise owner-occupied middle-class neighborhood of the City.

### **First Claim–Violation of Civil Rights**
### **(Against all Defendants)**

51. Plaintiff repeats and re-alleges paragraphs 1-50 of this Complaint as if fully set forth herein.

52. Title 42 U.S.C. § 1983 creates a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ."

53. The City, Kummer and McDaniel are each considered a "person" within the meaning on 42 U.S.C. § 1983. 42 U.S.C. § 2000e(a).

54. The City, its employees and agents, Kummer and McDaniel acted under the color of law, custom, or usage, within the meaning of 42 U.S.C. § 1983 with respect to their above mentioned actions related to Plaintiff and the Riverview Apartments.

55. Defendants' actions and calculated campaign described above, willfully, intentionally, with malice and forethought violated Plaintiffs civil rights under the Fifth and Fourteenth Amendments to the U.S. Constitution by depriving, and/or threatening to deprive, Plaintiff of its property interests without due process of law, taking property without just compensation and denying Plaintiff equal protection of the laws in violation of 42 U.S.C. § 1983.

## Second Claim–Fair Housing Act
**(Against all Defendants)**

56. Plaintiff restates and re-alleges paragraphs 1-55 of this Complaint as if fully set forth herein.

57. Title 42 U.S.C. § 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted by" the Fair Housing Act.

58. MAI is considered a "person" for purposes of 42 U.S.C. § 3617. 42 U.S.C. § 3602(d).

59. Defendants' actions and calculated campaign described above, willfully, intentionally, with malice and forethought violated 42 U.S.C. § 3617 by coercing, intimidating, threatening and interfering with Plaintiff's work to aid and encourage the tenants of Riverview Apartments to exercise and/or enjoy their rights granted by the Fair Housing Act, 42. U.S.C. § 3601, *et seq*.

## Third Claim – Declaratory Judgment
### (Against the City)

60. Plaintiff restates and re-alleges paragraphs 1-59 of this Complaint as if fully set forth herein.

61. Pursuant to Wis. Stat. § 66.0413(1)(b)1, even if a building is "dilapidated or out of repair and consequently dangerous, unsafe, unsanitary or otherwise unfit for human habitation" the City may only order the building razed if the building is "unreasonable to repair."

62. Pursuant to Wis. Stat. § 66.0413(1)(c), a building is considered "unreasonable" to repair for purposes of a raise order if the cost of repairs would exceed 50 percent of the equalized assessed value of the building.

63. The building at 316 Riverview Drive is currently safe, sanitary, fit for human habitation, the City continues to allow occupancy and the City cannot raze (or order the owner to raze) this building as a matter of law.

64. The building at 314 Riverview Drive is out of repair and unoccupied because of a fire in June 2017, but the building can be reasonably repaired for significantly less than 50 percent of its equalized value and, therefore the City cannot raze (or order the owner to raze) this building as a matter of law.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A. A jury trial;

B. An order and judgment declaring that the City, Kummer and McDaniel deprived Plaintiff of its liberty and property interests without due process of law and just compensation and denied Plaintiff equal protection of the laws in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the U.S. Constitution;

C. An order and judgment declaring that the actions of the City, Kummer and McDaniel were done willfully, intentionally, with malice and forethought, or with reckless disregard for MAI's federally protected rights;

D. An order enjoining and prohibiting Defendants from razing the Riverview Apartments or requiring the owner to raze of the Riverview Apartments;

E. An order and judgment enjoining and prohibiting Defendants from targeting the Riverview Apartments with excessive and unequal inspections, citations and fines;

F. An order and judgment awarding damages and just compensation;

G. An order and judgment awarding punitive damages;

H. An order and judgment awarding litigation costs, attorneys' fees and expert fees incurred by Plaintiff, pursuant to 42 U.S.C. 1988(b);

I. An order and judgment retaining jurisdiction over this action to ensure full compliance with the Court's orders;

J. Such other and further relief as the Court deems appropriate and just.

Dated this <u>8th</u> day of January, 2018.

                      von BRIESEN & ROPER, s.c.
                      *Attorneys for Plaintiff*

            By:   <u>**/s/ Alan Marcuvitz**</u>
                    Alan Marcuvitz, SBN 1007942
                    Smitha Chintamaneni, SBN 1047047
                    Nicholas J. Boerke, SBN 1083217

POST OFFICE ADDRESS
von Briesen & Roper, s.c.
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Tel: (414) 287-140160
Fax: (414) 238-6432
amarcuvitz@vonbriesen.com